UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES PERMENTER,

          Petitioner,

v.                            Case No. 3:14-cv-1349-J-39MCR

SECRETARY, DOC, et al.,

          Respondents.

_____

**<u>ORDER</u>**

**I.  INTRODUCTION**

Petitioner James Permenter challenges a 2010 Clay County conviction for three counts of sexual battery (counts 3, 4 & 5), one count of lewd or lascivious molestation (count 6), and three counts of solicitation to commit first degree murder (counts 10, 11, & 12). <u>See</u> Petition (Doc. 1). Petitioner raises three claims for habeas relief, the last of which, an ineffective assistance of trial counsel claim, contains thirteen sub-claims. This Court must be mindful that in order to prevail on this Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Respondents filed an Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Response) (Doc. 14). In support of their Response, they submitted Exhibits (Doc. 14).[1] Petitioner filed a Reply to Respondents' Response (Reply) (Doc. 18). See Order (Doc. 6).

## II. CLAIMS OF PETITION

Petitioner raises three grounds in his Petition, the last of which contains thirteen sub-claims. The three grounds are: (1) the trial court erred in excluding C.C.'s (the child victim) prior statement under the child hearsay exception in violation of the Petitioner's due process rights; (2) the trial court committed fundamental error by allowing the similar fact evidence to become a feature of the trial; and (3) the ineffective assistance of trial counsel. The sub-claims under ground three are: (sub-claim 1) ineffective assistance of counsel for failure to move to suppress the admission of the Williams[2] Rule testimony; (sub-claim 2) ineffective assistance of counsel for failure to object to the state's introduction of collateral crime testimony and alleged

---

[1] The Court hereinafter refers to the exhibits contained in the Exhibits to Response to Order to Show Cause as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

[2] Williams v. State, 110 So.2d 654, 663 (Fla.), cert. denied, 361 U.S. 847 (1959).

collateral acts; (sub-claim 3) ineffective assistance of counsel for misadvising/misleading Petitioner regarding testifying; (sub-claim 4) ineffective assistance of counsel for failure to move to suppress the testimony of government agent Kimberly Schultz; (sub-claim 5) ineffective assistance of counsel for failure to move to sever the sexual battery charges from the solicitation charges; (sub-claim 6) ineffective assistance of counsel for failure to present a proper motion for judgment of acquittal; (sub-claim 7) ineffective assistance of counsel for failure to pursue an entrapment defense to the solicitation to commit murder counts; (sub-claim 8) ineffective assistance of counsel for failure to properly investigate the medical evidence; (sub-claim 9) ineffective assistance of counsel for failure to call Sherry Wilson to testify at trial; (sub-claim 10) ineffective assistance of counsel for failure to call Dr. Bruce McIntosh to testify at trial; (sub-claim 11) ineffective assistance of counsel for failure to object to prosecutorial misconduct during closing arguments; (sub-claim 12) ineffective assistance of counsel for failure to call Brenda Cochran to testify at trial; and (sub-claim 13) ineffective assistance of counsel based on cumulative errors of counsel.

Respondents urge this Court to deny the Petition. Response at 41. The Court will address Petitioner's three grounds and the sub-claims, See <u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

### III.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" Pittman v. Sec'y, Fla. Dep't of Corr., No. 15-11807, 2017 WL 4216028, at *7 (11th Cir. Sept. 22, 2017). As such, AEDPA ensures that federal habeas relief is limited to extreme malfunctions, and not used as a means to attempt to correct state court errors. Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 132 S.Ct. 38, 43 (2011)).

The Eleventh Circuit recently outlined the parameters of review:

> Thus, under AEDPA, a person in custody pursuant to the judgment of a state court shall not be granted habeas relief on a claim "that was adjudicated on the merits in State court proceedings" unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "For § 2254(d), clearly established federal law includes only the holdings of the Supreme Court—not Supreme Court dicta, nor the opinions of this Court." Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1293-94 (11th Cir. 2014).

As for the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." <u>Terry Williams v. Taylor</u>, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may "grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts." <u>Id</u>. at 413, 120 S.Ct. 1495. "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" <u>Wiggins v. Smith</u>, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting <u>Lockyer v. Andrade</u>, 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). And "an 'unreasonable application of' [Supreme Court] holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." <u>Woods v. Donald</u>, --- U.S. ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (per curiam) (quotation omitted). To overcome this substantial hurdle, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Harrington v. Richter</u>, 562 U.S. 86, 103, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). This is "meant to be" a difficult standard to meet. <u>Id</u>. at 102, 131 S.Ct. 770.

<u>Pittman</u>, 2017 WL 4216028, at *7.

There is a presumption of correctness of state court's factual findings, unless the presumption is rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The standard of

proof is demanding, requiring that a claim be highly probable. Bishop v. Warden, GDCP, 726 F.3d 1243, 1258 (11th Cir. 2013), cert. denied, 135 S.Ct. 67 (2014). Also, the trial court's determination will not be superseded if reasonable minds might disagree about the factual finding. Brumfield v. Cain, 135 S.Ct. 2269, 2277 (2015). Also of note, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003)), cert. denied, 568 U.S. 1233 (2013).

In applying AEDPA deference, the first step is to identify the last state court decision that evaluated the claim on its merits. Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016).[3] Once identified, the Court reviews the state court's decision, "not necessarily its rationale." Pittman, 2017 WL 4216028, at *8 (quoting Parker v. Sec'y for Dep't of Corr., 331 F.3d 764, 785 (11th Cir. 2003) (citation omitted)).

Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law

---

[3] As suggested by the Eleventh Circuit in Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), in order to avoid any complications if the United States Supreme Court decides to overturn Eleventh Circuit precedent as pronounced in Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct. 1203 (2017), this Court, will employ "the more state-trial-court focused approach in applying § 2254(d)[,]" where applicable.

procedural principles to the contrary." <u>Harrington v. Richter</u>, 562 U.S. 86, 99 (2011); <u>see also</u> <u>Johnson v. Williams</u>, 133 S.Ct. 1088, 1096 (2013). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." <u>Richter</u>, 562 U.S. at 99-100 (citing <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991)).

Where the last adjudication on the merits is unaccompanied by an explanation, the petitioner must demonstrate there was no reasonable basis for the state court to deny relief. <u>Id</u>. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." <u>Richter</u>, 562 U.S. at 102; <u>Marshall</u>, 828 F.3d at 1285.

Although the § 2254(d) standard is difficult to meet, it was meant to be difficult. Indeed, in order to obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Richter</u>, 562 U.S. at 103.

## IV. PROCEDURAL HISTORY

Respondents provide a brief procedural history in their Response, Response at 1-3, and Petitioner does not dispute the accuracy of the history provided by Respondents. See Reply.

## V. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Grounds One and Two

In his first ground, Petitioner raises the following claim: the trial court erred in excluding C.C.'s prior statement under the child hearsay exception in violation of the Petitioner's due process rights. Petition at 5. Although Petitioner raised this ground on direct appeal, he did not raise it in the federal constitutional sense, failing to include a due process claim. Ex. I at i, 36-42. In his appellate brief, Petitioner complained that the "trial court erred in ruling that section 90.803(23) does not allow the defense to introduce a child victim's hearsay statement as substantive evidence." Ex. I at 39.

Upon review of ground one, this ground certainly involves statutory interpretation of a state law by state courts. The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001). The Eleventh Circuit allows that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro,

909 F.2d 451, 452 (11th Cir. 1990).  As such, federal habeas relief does not lie for errors of state law.  It is not the province of a this Court to reexamine state-court determinations on issues of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

The Court concludes that ground one presents an issue that is not cognizable in this habeas proceeding; therefore, this ground cannot provide a basis for federal habeas corpus relief.  Reviewing ground one, there is no breach of a federal constitution mandate.  Therefore, the claim raised in ground one is due to be denied.

In his second ground, Petitioner contends that the trial court committed fundamental error by allowing the similar fact evidence to become a feature of the trial.  Petition at 6.  In their Response, Respondents assert that ground two does not present a ground for federal habeas relief as it presents a state law claim, not a claim of constitutional dimension.  Response at 11, 15-16.

Upon review of the appellate brief, Petitioner raised the ground on direct appeal, but he did not raise it in the federal constitutional sense.  Ex. I at i, 43-45.  This ground was presented on direct appeal as a claim of trial court error based on an improper trial court ruling, without an underlying due process claim.  Thus, it was presented as an issue of state law; therefore, the exhausted claim is not cognizable in this federal habeas proceeding.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that

custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991). Thus, this Court will not reexamine the state-court determination on the issue of state evidentiary law. See Estelle v. McGuire, 502 U.S. at 67-68. Since this ground presents a state law claim complaining about a ruling by the trial court, Petitioner is not entitled to federal habeas corpus relief as there has been no breach of a federal constitutional mandate.

Morever,

> Even assuming this ground is exhausted as a federal claim challenging the state trial court's admission of collateral evidence, it does not warrant habeas relief. This ground alleges a claim of state law error, specifically a state trial court evidentiary ruling. "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990); see Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief).

Dishman v. Jones, No. 4:12cv485-WS, 2015 WL 3952670, at *6 (N.D. Fla. June 29, 2015) (not reported in F.Supp.3d).

In his Reply, Petitioner urges this Court to find that he was denied his due process rights and a fair trial based on the trial court's evidentiary rulings. Reply at 15, 17-18. To the extent Petitioner is now trying to raise due process claims pursuant to the Fourteenth Amendment of the United States Constitution, the claims were not exhausted in the state court system. Therefore,

the due process claims are procedurally barred from federal habeas review.  Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice will result if the court does not reach these claims on their merits.

Alternatively, to the extent Petitioner broadened his claims in the Petition to allege due process violations, Petition at 5 & 7, the underlying claims are simply not of constitutional magnitude.  Although Petitioner tries to couch his claim in terms of due process of law, "[t]his limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'"  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).  Indeed, the federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate.  McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992).  In this case, there is not breach of a federal constitutional mandate.

Based on the above, Petitioner is not entitled to habeas relief on grounds one and two of the Petition.  Therefore, grounds one and two are due to be denied.

### B.  Ground Three - Ineffective Assistance of Counsel

In ground three, Petitioner raises his claim of ineffective assistance of trial counsel.  The Court will review Petitioner's

thirteen sub-claims of ineffective assistance of trial counsel presented under ground three.

**1. Sub-Claim One: ineffective assistance of counsel for failure to move to suppress the admission of the Williams Rule testimony.**

The record shows the following. The state filed two notices of other crimes, wrongs or acts evidence, Ex. A at 42-43, concerning sexual offenses committed upon C.G. and C.T., sisters of the victim, C.C.[4] The record also contains the transcript of the Williams Rule hearing. Ex. H at 59-62. The state provided the trial judge with transcripts of the depositions. Id. at 59. The prosecutor pointed out that the court previously denied a motion to sever the sexual abuse charges regarding the three girls. Id. at 60. The prosecutor argued that the victim and the Williams Rule victims are sisters, they are all Petitioner's stepdaughters, and they share similar types of sexual abuse and circumstances. Id. In his explanation, the prosecutor noted that all of the alleged abuse occurred during visitation with Petitioner or when the girls were living with Petitioner in a trailer. Id. at 60-61. All three girls alleged that the abuse occurred without other adults being present to witness the incidents. Id. at 61. The prosecutor argued corroboration, opportunity, lack of mistake, and evidence to counter any claim of lack of intent. Id.

_____

[4] The three sisters are Petitioner's stepchildren.

Defense counsel stated he was aware of the law, and recognized that the primary reason for the state presenting the testimony was corroboration. <u>Id</u>. Counsel mentioned that it was a familial setting, as Petitioner was married to the girls' mother and the girls were Petitioner's stepdaughters. <u>Id</u>. Defense counsel did point out the distinctions in the allegations. <u>Id</u>. at 62. He said the alleged incidents were quite a bit different, noting digital penetration fully clothed versus an allegation of full penile vaginal intercourse and oral intercourse, without digital penetration. <u>Id</u>. Relying on these purported differences in the types of abuse, he argued that it would be unfairly prejudicial to allow the Williams Rule witnesses to testify as to the other crimes, wrongs or acts. <u>Id</u>. After completing the Williams Rule hearing, the trial court found the Williams Rule testimony admissible. <u>Id</u>.

In his first sub-claim, Petitioner claims ineffective assistance of counsel for failure to move to suppress the Williams Rule testimony. Petition at 9. Petitioner exhausted this ground by raising it in ground one of his Rule 3.850 motion. Ex. O at 112-17. The trial court denied relief, <u>id</u>. at 172-74, and the First District Court of Appeal (1st DCA) per curiam affirmed. Ex. S.

Notably, the state circuit court recognized the applicable two-pronged standard as set forth in <u>Strickland</u> as a preface to addressing the multiple claims of ineffective assistance of

counsel. Ex. O at 170-71. In this particular claim of ineffective assistance of counsel, Petitioner asserts that although he received the Williams Rule hearing, he did not receive the benefit of a full and fair suppression hearing. Id. at 113. He complains that the court's review of the issue was limited, and the limited review negated the court's gate-keeping function. Id.

In denying this ground, the post-conviction court found that Petitioner failed to meet the prejudice prong of the Strickland. Ex. O at 173. The court determined there was no prejudice because the testimony of the Williams Rule witnesses "was not only relevant, but the probative value was not substantially outweighed by its potential for unfair prejudice." Id. The court further found that even if counsel had moved to suppress the statement or filed a motion in limine, the Petitioner "cannot demonstrate a reasonable probability that the evidence would have been excluded as the preliminary deposition testimony was sufficient for this Court to find by clear and convincing evidence that the collateral crimes occurred." Id. The court went on to find with regard to Petitioner's claim asserting counsel's failure to challenge the state's argument as to relevancy of the testimony concerning opportunity, lack of mistake or lack of intent, that nevertheless, the evidence would have been admissible as similar fact evidence properly used to corroborate the testimony of the victim. Id.

Finally, the post-conviction court opined, "even assuming arguendo that trial counsel performed deficiently, Defendant cannot

- 14 -

establish prejudice as there is not a reasonable probability that the result of the proceeding would have been different (*i.e.* the <u>Williams</u> Rule evidence would have been found inadmissible)." <u>Id</u>. at 173-74. With that conclusion, the court denied ground one of the Rule 3.850 motion. The 1st DCA affirmed per curiam. Ex. S.

This Court presumes that the 1st DCA adjudicated the claim on its merits, as there is an absence of any indication or state-law procedural principles to the contrary. Also of note, the last adjudication on the merits is unaccompanied by an explanation. Thus, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief. He has not accomplished that task.

Indeed, if there is any reasonable basis for the court to deny relief, the denial must be given deference. Here, deference under AEDPA should be given to the 1st DCA's adjudication. Petitioner has failed to show that the state court's ruling on the claim raised in sub-claim one was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. The 1st DCA's decision is not inconsistent with Supreme Court precedent, including <u>Stickland</u> and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Thus, sub-claim one is due to be denied.

**2. Sub-claim Two: ineffective assistance of counsel for failure to object to the state's introduction of collateral crime testimony and alleged collateral acts.**

In sub-claim two, Petitioner contends that his counsel was ineffective for failure to object to the state's introduction of collateral crime testimony not charged in the information nor noticed prior to trial. Petition at 10. In particular, he points to testimony regarding the forced masturbation of his penis by the child victims. Id. He contends this was inadmissible collateral crime evidence which became a feature of the trial.

Petitioner exhausted this ground by raising it in ground two of his Rule 3.850 motion. Ex. O at 117-20. The trial court denied relief, id. at 174-75, and the 1st DCA affirmed per curiam. Ex. S.

As previously noted, the circuit court, in its decision denying the Rule 3.850 motion, recognized the applicable two-pronged Strickland standard before addressing the multiple claims of ineffective assistance of counsel. Ex. O at 170-71. The court made the finding that that "the other acts which Defendant complains were improperly admitted were inextricably related to Defendant's alleged course of conduct with C.C. and so formed a background necessary to give a complete picture of the alleged. crime." Id. at 175. The court specifically noted that the acts of forced masturbation were inextricably intertwined with the alleged sexual battery, particularly Defendant's placing his penis in the

mouth of the child victim. _Id_. With regard to this claim in particular, the court concluded that Petitioner failed to establish counsel's failure to object constituted deficient performance. _Id_. In doing so, the court opined that because the acts of forced masturbation did not become a feature of the trial, there was no prejudice. _Id_.

Again, the post conviction court applied the two-pronged _Strickland_ standard. Of importance, the 1st DCA affirmed the decision of the circuit court in denying this ground, and this Court will presume that the state court adjudicated the claim on its merits, as there is an absence of any indication or state-law procedural principles to the contrary. Since the last adjudication on the merits is unaccompanied by an explanation, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief. He has failed in this regard.

Upon review, there is a reasonable basis for the court to deny relief; therefore, the denial must be given deference. The 1st DCA's decision is not inconsistent with Supreme Court precedent, including _Stickland_ and its progeny. Thus, the state court's adjudication of this claim is not contrary to or an unreasonable application of _Strickland_, or based on an unreasonable determination of the facts. Accordingly, sub-claim two is due to be denied.

**3. Sub-claim Three: ineffective assistance of counsel for misadvising/misleading Petitioner regarding testifying.**

The third ground presents a claim of ineffective assistance of counsel for misadvising/misleading Petitioner regarding testifying. Petition at 10. Petitioner exhausted this ground by raising it in ground 3(A) of his Rule 3.850 motion. Ex. O at 125-27. The trial court denied relief, id. at 180-81, and the 1st DCA affirmed the circuit court's decision. Ex. S.

The record shows the following. Before opening statements, the trial judge instructed the jury:

> In every criminal proceeding a defendant has the absolute right to remain silent. At no time is it the duty of a defendant to prove his innocence. From the exercise of a defendant's right to remain silent a jury is not permitted to draw any inference of guilt, and the fact that a defendant did not take the witness stand must not influence your verdict in any manner whatsoever.

Ex. D at 117.

After the state rested, trial counsel advised the court that the defense would call two witnesses, the Petitioner's sons. Ex. F at 498-99. Upon inquiry, counsel told the court that Petitioner declined to testify. Id. at 499. The following colloquy transpired:

> THE COURT: All right. Step up here if you would, Mr. Permenter. I want to talk to you for a few minutes. You've heard your attorney just represented to the Court that your two sons are going to testify on your behalf, correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And that you're not going to testify, is that correct?

THE DEFENDANT: That's correct.

THE COURT: You understand you have a right to testify if you want to?

THE DEFENDANT: Yes, sir.

THE COURT: Of course if you do elect to testify then you're treated like all the other witnesses that have been treated in this courtroom and the defense would get -- the prosecution would get an opportunity to cross examine you after you completed your testimony, but obviously if you don't testify then they won't have an opportunity to ask you any questions. Now are you satisfied with that decision?

THE DEFENDANT: Yes, sir.

THE COURT: You discussed that with your two attorneys here?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Bedell and Mr. Wright?

THE DEFENDANT: Yes, sir.

THE COURT: So you're satisfied that the only thing that ought to be presented on your behalf is the testimony from your two sons, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Thank you.

Id. at 499-500.

In its final instructions to the jury, the court explained:

The defendant exercised a fundamental right by choosing not to be a witness in this case. You must not view this as an admission of guilt or be influenced in any way by his decision. No juror should ever be concerned that the defendant did or did not take the witness stand to give testimony in the case.

Id. at 605.

The trial court addressed this claim and noted two important questions when a defendant claims he would have testified: (1) did the defendant voluntarily agree with counsel not to take the stand, and (2) even if the advice is voluntarily followed, was counsel's advise deficient because no reasonable attorney would have discouraged defendant's testimony. Ex. O at 180. Petitioner advised the court that he voluntarily agreed with counsel not to take the stand. Ex. F at 499-500. The record shows the trial court "obtained a knowing, voluntary, and intelligent waiver from Defendant of his right to testify." Ex. O at 180.

Petitioner alleged that counsel's performance was deficient because Petitioner was prevented from telling his side of the story. Id. at 181. For example, Petitioner wanted to explain that the alleged "boner" was his belt buckle. Id. Additionally, he wanted to tell the jury, with regard to the charges of solicitation to commit a capital felony, that his ex-wife could not kill a bug, that he was merely venting frustration in conversations with his ex-wife, and that Petitioner was well aware that Tommy, his ex-wife's cousin, was incapable of carrying out a murder. Id. With regard to the second question related above, the post conviction court found that Petitioner "cannot demonstrate that no reasonable attorney would have discouraged him from testifying." Id. The circuit court denied this claim, and the 1st DCA affirmed. Ex. S.

If there is any reasonable basis for the court to deny relief, the denial must be given deference. With regard to this claim of ineffective assistance of counsel, AEDPA deference should be given to the state court's decision. The state court's ruling is well-supported by the record and by controlling case law, <u>Strickland</u> and its progeny. Petitioner raised the issue in his post conviction motion, the trial court denied the motion, and the appellate court affirmed. The Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on sub-claim three.

**4. Sub-claim Four: ineffective assistance of counsel for failure to move to suppress the testimony of government agent Kimberly Schultz.**

In his fourth ground, Petitioner raises a claim of ineffective assistance of counsel for failure to move to suppress the testimony of his ex-wife, Kimberly Schultz, regarding surreptitiously recorded jailhouse conversations between her and Petitioner. Petition at 11. Petitioner exhausted this claim by raising it in his Rule 3.850 motion in ground four. Ex. O at 127-130. The circuit court denied this claim of ineffective assistance of counsel. <u>Id</u>. at 181-83. The 1st DCA affirmed. Ex. S.

In this ground, Petitioner complains that his defense counsel failed to move to suppress the recorded jail conversations between

Petitioner and his ex-wife, Kimberly Schultz.  Petition at 11.  Ms. Schultz contacted the State Attorney's Office and told them Petitioner was trying to use her to have the witnesses in the sexual abuse case killed.  Detectives arranged for Ms. Schultz to meet with Petitioner in the visitation booth at the jail, and the conversations were recorded.  During the conversations, Petitioner requested that Ms. Schultz get someone or her cousin Tommy to take out the witnesses.

Petitioner claims the government created a situation to induce Petitioner to make incriminating statements to Ms. Schultz, acting as a government agent.  He contends that counsel should have moved to suppress the statements because they were elicited in violation of his Sixth Amendment right to counsel, as Petitioner had counsel while confined in the jail.

The circuit court rejected this claim, noting the Sixth Amendment right is "offense-specific" and cannot be invoked for all future prosecutions.  Ex. O at 182.  Thus, the Sixth Amendment right attached to the sexual battery and molestation offenses, not to future prosecutions, like the solicitation charges.  The court noted that Ms. Schultz did not attempt to elicit, nor did she receive, any information regarding the sexual battery and molestation offenses.  <u>Id</u>. at 183.  The court found no Sixth Amendment right had been invoked with regard to the solicitation to commit murder criminal activity.  <u>Id</u>.  The court found Ms. Schultz was not acting as an agent of the state, noting that Petitioner

approached her with respect to taking out witnesses, Ms. Schultz independently went to the State Attorney's Office and reported the attempted solicitation, and Ms. Schultz was not promised, nor did she receive any benefits in exchange for eliciting information from Petitioner concerning the solicitation to commit murder. <u>Id</u>. The court held that Petitioner failed to demonstrate deficient performance on the part of his counsel for failure to move to suppress the recorded jailhouse conversations. <u>Id</u>. The 1st DCA affirmed. Ex. S.

The court employed the <u>Strickland</u> standard and found no deficient performance. Thus, the court determined the first prong of the <u>Strickland</u> standard had not been met. If there is any reasonable basis for the court to deny relief, the denial must be given deference.

In this instance, there is a qualifying state court decision and AEDPA deference is warranted. The adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to habeas relief on sub-claim four because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts.

**5. Sub-claim Five: ineffective assistance of counsel for failure to move to sever the sexual battery charges from the solicitation charges.**

In ground five, Petitioner raises a claim of ineffective assistance of counsel for failure to move to sever the sexual battery charges from the solicitation charges. Petition at 12. He exhausted his state court remedies by raising this ground in his Rule 3.850 motion as ground 4(A). Ex. O at 130-33. The circuit court denied this ground. <u>Id</u>. at 183-85. The 1st DCA affirmed per curiam. Ex. S.

The circuit court reviewed this claim and found that "the sexual battery charges and the solicitation charges were connected in the episodic sense." Ex. O at 184. Indeed, the plot to kill the witnesses came about as a result of the sexual battery and molestation charges. <u>Id</u>. More importantly, the court found that even if the solicitation counts had been severed from the sexual battery counts, "evidence of the sexual battery would have been admissible in the trial on the solicitation charges[,]" and vice versa. <u>Id</u>. Failure to move for severance under these circumstances was not deficient performance, and the court found that counsel did not perform deficiently by failing to move to sever the charges. <u>Id</u>. at 185. Also, the court found Petitioner did not suffer any prejudice. <u>Id</u>. As noted previously, the

circuit court employed the two-pronged _Strickland_ standard. The 1st DCA affirmed per curiam. Ex. S.

Based on the above, the 1st DCA's ruling is well-supported by the record and by controlling case law, _Strickland_ and its progeny. Again, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief, and he has not accomplished that task.

With regard to this claim of ineffective assistance of counsel, AEDPA deference should be given to the state court's decision. Petitioner raised the issue in his post conviction motion, the trial court denied the motion, and the appellate court affirmed. The Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of _Strickland_, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on sub-claim five.

**6. Sub-claim Six: ineffective assistance of counsel for failure to raise a proper motion for judgment of acquittal.**

In sub-claim six, Petitioner claims he received the ineffective assistance of counsel due to counsel's failure to raise a proper motion for judgment of acquittal. Petition at 12. Petitioner raised this issue in ground 4(B) of the Rule 3.850 motion. Ex. O at 133-36. The circuit court denied this ground. _Id_. at 185-86. The 1st DCA affirmed. Ex. S.

The record reflects that defense counsel moved for a judgment of acquittal, asserting that the state did not provide a prima

facie case.   Ex. F at 498.   The court denied the motion.   Id.
Defense counsel renewed the motion for judgment of acquittal, and
the court denied the renewed motion.   Id. at 520.   As recognized by
the circuit court, the denial of the motion for judgment of
acquittal was revisited and argued in the motion for new trial and
subsequently reviewed on direct appeal.   Ex. O at 185-86; Ex. A at
166-68; Ex. B at 210-11.

Thus, based on the record, counsel did move for a judgment of
acquittal on all counts, and the circuit court denied the motion
and the renewed motion.   The circuit court, in denying Petitioner's
claim of ineffective assistance of counsel, found that counsel did
not render a deficient performance by failing to make a broader
motion in the manner asserted by Defendant.   Ex. O at 186.   The
court opined, even assuming defense counsel had made such a motion
in the manner suggested by Petitioner, "the Court does not find
there is a reasonable probability that the outcome of the
proceedings would have been different."   Id.

The 1st DCA affirmed this decision.   There is a reasonable
basis for the court to deny relief, and this decision must be given
deference.   The 1st DCA's decision is not inconsistent with Supreme
Court precedent, and the state court's adjudication of this claim
is not contrary to or an unreasonable application of Strickland, or
based on an unreasonable determination of the facts.

**7. Sub-claim Seven: ineffective assistance of counsel for failure to pursue an entrapment defense to the solicitation to commit murder counts.**

Petitioner raises a claim of ineffective assistance of counsel for failure to pursue the entrapment defense. Petition at 13. He exhausted his claim of ineffective assistance of counsel for failure to pursue an entrapment defense in ground 4(C) of his Rule 3.850 motion. Ex. O at 136-41. The circuit court denied this ground, id. at 186-87, and the 1st DCA affirmed. Ex. S.

The trial court concluded, after considering Petitioner's proposed testimony that he was merely venting frustration in the jailhouse conversations and knew that his ex-wife could not kill a bug and her cousin Tommy was incapable of carrying out the murders, that Petitioner's defense was not entrapment. Ex. O at 186. The court opined that in order to present an entrapment defense, Petitioner would have to admit that he committed the crime of solicitation to commit murder, but did so only because of the actions of law enforcement. Id. The court, upon reviewing Petitioner's assertions, found that Petitioner maintained that he never intended to have the witnesses killed. Id. at 187. In conclusion, the court found that counsel's performance was not deficient in this regard, because the entrapment defense was not suitable based on Petitioner's proposed testimony. Id.

Of importance, the 1st DCA affirmed the decision of the circuit court, and this Court will presume that the state court adjudicated this claim on its merits based on the absence of any indication of state-law procedural principles to the contrary. Since the 1st DCA's adjudication on the merits is unaccompanied by an explanation, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief. In this instance, Petitioner has failed to show there was no reasonable basis for the state court to deny relief. Therefore, the denial must be given deference. The 1st DCA's decision is not inconsistent with Supreme Court precedent, including Strickland and its progeny. The 1st DCA's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Therefore, sub-claim seven is due to be denied.

**8. Sub-claim Eight: ineffective assistance of counsel for failure to properly investigate the medical evidence.**

Petitioner asserts that he received the ineffective assistance of counsel due to his counsel's failure to properly investigate the medical evidence. Petition at 14. He raised the claim in his state post-conviction motion as claim 5(A). Ex. O at 143-47. The circuit court found neither deficient performance nor prejudice under Strickland's two-pronged test. Id. at 188-90.

The record shows that Lisa Muth of the CPT testified at trial. Ex. D at 278. She is an advanced registered nurse practitioner and

certified as a family nurse practitioner. Id. at 279. She testified that there is a very low likelihood of gathering forensic evidence more than 72 hours after the event. Id. at 281. Upon her external examination, she found no injury to the victim's vagina. Id. 284. She explained that the vaginal area of the body heals quickly. Ex. E at 289. She found the victim's hymen to be normal, without injury. Id. at 290. She testified that her conclusion from the sexual abuse examination was that "the physical findings were consistent with her [C.C.'s] history and the exam results neither confirm nor negate the allegations of sexual abuse." Id. at 292. On cross, Ms. Muth confirmed that upon her examination, there was nothing physically that she noticed that would be considered to be evidence of sexual assault. Id. at 297.

Petitioner complains that his defense counsel should have objected to Ms. Muth's conclusion that the physical findings were consistent with C.C.'s history. The circuit court found the lack of an objection was not erroneous under Strickland as Ms. Muth concluded that the examination neither confirmed nor negated the allegations of sexual assault. Ex. O at 189. With regard to Petitioner's assertion that his counsel should have moved to suppress or exclude the expert testimony as irrelevant or overly prejudicial, the court found that Ms. Muth was a qualified expert in the field of sexual abuse examination, and as such, she could express an opinion as to whether a child has been the victim of sexual abuse. Id. The court also found the testimony

straightforward and neither irrelevant nor overly prejudicial, and if a motion to exclude or suppress the testimony had been filed, it would have been denied.  Id.

Petitioner also claimed his counsel was deficient for failure to hire an expert to evaluate the medical evidence.  Id.  Here, the only evidence presented was that there was no physical evidence of sexual abuse.  Id.  Petitioner suggests that a defense expert could have challenged the testimony concerning the quick-healing properties of the hymen without scarring.  Id.  The court found "that even if counsel was deficient for failing to hire an expert, given the other evidence against Defendant in this case, there is no reasonable probability that the outcome of the proceedings would have been different."  Id.  Finding no deficient performance, or even assuming deficient performance, finding no prejudice, the court denied the claim.  Id. at 189-90.  The 1st DCA affirmed.  Ex. S.

Based on the above, there is a reasonable basis for the state court to deny relief; therefore, the denial must be given deference.  Thus, deference under AEDPA will be given to the last adjudication on the merits provided by the 1st DCA.  Given due consideration, its decision is not inconsistent with Supreme Court precedent, including Strickland and its progeny.  The state court's adjudication of the claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable

determination of the facts. Consequently, sub-claim eight is denied.

**9. Sub-claim Nine: ineffective assistance of counsel for failure to call Sherry Wilson to testify at trial.**

Petitioner, in sub-claim nine, asserts that his counsel was ineffective for his failure to call Sherry Wilson to testify during the trial. Petition at 14. Petitioner claims Ms. Wilson should have testified as an expert who would have explained "the ability of a six year old likelihood to deceive someone else." _Id_. Petitioner raised this claim in ground six of his Rule 3.850 motion. Ex. O at 151-53. He stated "Sherry Wilson was an expert forensic interviewer, and would have been permitted to render here [sic] expert opinion on the demeanor of the witness during the interview." _Id_. at 152. Petitioner exhausted this claim by appealing the denial of his Rule 3.850 motion. The 1st DCA affirmed. Ex. S.

Of note, Sherry Wilson conducted the 2004 CPT interview of the victim in which the victim denied any sexual abuse. Defense counsel filed a Notice of Child Hearsay, Ex. A at 46, seeking to introduce the hearsay testimony of the victim's statement made on November 23, 2004 to Sheri [sic] Wilson.

Pre-trial, defense counsel moved to enter the 2004 CPT video for the jury's consideration, but the court determined that cross examination of the victim would sufficiently demonstrate that she made prior inconsistent statements during her previous CPT

interview. Ex. O at 191. Petitioner counters that Ms. Wilson should have been called to convey the demeanor of the witness during her prior inconsistent statements, discrediting the state's portrait of the denials as being made based on fear and intimidation. Id. The circuit court said this would serve no other purpose than impeachment. Id. at 191-92. The court considered Petitioner's contention, but found that "[l]ogically, ... if the Court denied use of the video to show demeanor, it would extend that to witness testimony on the same subject." Id. at 192. Looking to the court's prior rulings on the subject of attempting to show the witness's demeanor, the circuit court found counsel was not ineffective for failing to call Ms. Wilson as a witness.

Defense counsel was not ineffective for failure to call Ms. Wilson. Under these circumstances, defense counsel's performance cannot be deemed deficient. On this record, Petitioner has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance for failure to call Ms. Wilson to testify. Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had attempted to call Ms. Wilson for the purpose of showing the child victim's demeanor during the 2004 CPT interview, as the trial court previously disallowed the admittance of the 2004 video.

The Court presumes the 1st DCA adjudicated the claim on its merits. Petitioner has not met his burden to show there was no

reasonable basis for the state court to deny relief. Since there is a reasonable basis for the state court to deny relief, the denial must be given deference. The 1st DCA's decision is not inconsistent with Supreme Court precedent. Its adjudication of the claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. In sum, sub-claim nine is due to be denied.

**10. Sub-claim Ten: ineffective assistance of counsel for failure to call Dr. Bruce McIntosh to testify at trial.**

In this ground, Petitioner claims his counsel was ineffective for failure to call Dr. Bruce McIntosh to testify that there was no physical evidence of sexual abuse and that the intact hymen was not dispositive of sexual abuse. Petition at 15. Petitioner contends Dr. McIntosh's testimony would not be considered to be repetitious. Id.

Petitioner exhausted this claim by raising it in ground 6(A) of his Rule 3.850 motion and appealing its denial. Ex. O at 153-55. The 1st DCA affirmed. Ex. S.

Respondents counter Petitioner's argument, stating that Dr. McIntosh's testimony would have been cumulative of Ms. Muth's testimony, as she testified there was no physical evidence of sexual abuse and that an intact hymen is not dispositive of whether a child has been sexually abused. Response at 37. Respondents contend that Petitioner cannot show prejudice as there is no

reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.  <u>Id</u>.

In its denial of the Rule 3.850 motion, the circuit court considered this claim and concluded that "there is no reasonable probability that the outcome of the proceedings would have been different if Dr. McIntosh had testified about his examination of C.T. (giving essentially the same testimony Ms. Muth gave about the victim)." Ex. O at 192.  The court also referred to its conclusion under ground 5(A), that "given the other evidence against Defendant in this case, there is no reasonable probability that the outcome of the proceedings would have been different" if counsel had called Dr. McIntosh.  <u>Id</u>. at 189.  Again the court referenced the <u>Strickland</u> standard.  <u>Id</u>. at 190.

Failure to introduce repetitive and cumulative evidence to that which was produced at trial would not constitute deficient performance under <u>Strickland</u>.  Thus, "counsel's failure to present cumulative evidence is not ineffective assistance." <u>Reaves v. Sec'y, Fla. Dep't of Corr.</u>, No. 15-11225, 2017 WL 4318594, at *15 (11th Cir. Sept. 28, 2017) (citation omitted).

The Court presumes that the 1st DCA's per curiam affirmance was on the merits.  There is a reasonable basis for the decision denying relief.  As such, the Court applies AEDPA deference in reviewing this claim.  The state court's conclusion was neither contrary to nor an unreasonable application of <u>Stickland</u>, and it

did not result from an unreasonable determination of the facts. Sub-claim ten is due to be denied.

**11. Sub-claim Eleven: ineffective assistance of counsel for failure to object to prosecutorial misconduct during closing arguments.**

In sub-claim eleven, Petitioner contends that his counsel's performance was ineffective for failure to object to the prosecutor's misconduct during closing arguments. Petition at 15. Petitioner references the following remarks made during the prosecutor's closing argument: that C.C. and her sisters had no reason to lie, and the jury should hold Petitioner accountable for his actions, with the prosecutor gesturing at Petitioner with pointed finger. <u>Id</u>.

Generally, Petitioner complains about the "vouching and impermissible comments by the prosecutor" during closing arguments without objection from defense counsel. Ex. O at 163. Petitioner raised this claim in ground nine of his Rule 3.850 motion. <u>Id</u>. at 160-63. The circuit court denied this claim. The 1st DCA affirmed. Ex. S. Therefore, the claim was exhausted in the state court system.

To the extent Petitioner is claiming prosecutorial misconduct during closing argument, attorneys are permitted wide latitude in their closing arguments. However, attorneys should not make "[i]mproper suggestions, insinuations, or assertions" that are intended to mislead the jury or appeal to passions or prejudices

during closing arguments; <u>U.S. v. Hope</u>, 608 F. App'x 831, 840 (11th Cir. 2015) (per curiam), but the prosecutor is entitled to offer the jury his view of the evidence presented. In doing so, the prosecutor has wide latitude in asking the jury to draw all logical inferences from the evidence presented.

As previously noted, the circuit court identified the correct legal standard, referencing <u>Strickland</u>. Attorneys are allowed wide latitude during closing argument as they review the evidence and explicate inferences which may reasonably be drawn from it. Also of import, failure to object during closing argument rarely amounts to ineffective assistance of counsel, particularly if the errors, if any, are insubstantial.

In order to establish a substantial error by counsel for failure to object to prosecutorial misconduct, the prosecutor's "comments must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than it would have otherwise." <u>Walls v. State</u>, 926 So.2d 1156, 1167 (Fla. 2006) (per curiam) (citation omitted). Also, there must be a showing that there was no tactical reason for failure to object. <u>Id</u>. Without a showing of the above, a petitioner fails to demonstrate the requisite prejudice. <u>Id</u>.

In denying this claim, the circuit court held:

> After reviewing the entire record and
> considering the totality of the testimony and
> evidence presented at trial, including: the
> testimony of the victim; the testimony of the
> victim[']s sisters; the testimony of the CPT
> nurse [Lisa Muth]; the testimony of Kimberly
> Schultz; and the recordings of Ms. Shulz's
> [sic] conversations with Defendant about
> killing the victim, her sisters, and their
> mother, the Court finds there was overwhelming
> evidence against Defendant, therefore
> Defendant cannot show he was prejudiced by
> counsel's failure to object to the State's
> alleged comments. <u>Lingebach v. State</u>, 990
> So.2d 1213 (Fla. 1st DCA 2008) (finding that
> overwhelming evidence of guilt overcomes an
> assertion of error that could have contributed
> to the verdict). Ground 9 is denied.

Ex. O at 195 (citations to record omitted).

In sum, the circuit court rejected this claim because
Petitioner failed to demonstrate prejudice, failing to meet a
requirement of <u>Strickland</u>. The 1st DCA affirmed without a written
decision. The Court will presume the 1st DCA adjudicated the claim
on its merits under these circumstances as there is an absence of
any indication or state-law procedural principles to the contrary.
Petitioner has failed to meet his burden to show that there was no
reasonable basis for the state court to deny relief.

Upon review, there is a reasonable basis for the court to deny
relief; therefore, the denial must be given deference. Thus,
deference under AEDPA should be given to the last adjudication on
the merits provided by the 1st DCA. Given due consideration, its
decision is not inconsistent with Supreme Court precedent,
including <u>Stickland</u> and its progeny. The state court's

adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. As such, sub-claim eleven is due to be denied.

**12. Sub-claim Twelve: ineffective assistance of counsel for failure to call Brenda Cochran to testify at trial.**

In this ground, Petitioner claims that his attorney was ineffective for failure to call Brenda Cochran, a person having custody of the children, including the victim. Petition at 16. Petitioner alleges that Ms. Cochran would have testified that the children acted normally upon their return from visiting their mother, and nothing out of the ordinary was observed, including any physical or emotional distress of the victim. <u>Id</u>. Of note, Petitioner states that defense counsel spoke with Brenda Cochran, and she told counsel that "she had custody of the children including the victim and that when the children went to visit their mother, upon their return, they would act just like any other child whom had a good time." <u>Id</u>.

Respondents assert that this claim is unexhausted and procedurally defaulted. Response at 39. They contend that Petitioner has not demonstrated cause and prejudice, nor has he shown that a fundamental miscarriage of justice will result if the claim is not addressed on its. merits. <u>Id</u>.

In addressing the question of exhaustion, this Court must ask whether Petitioner's claim was fairly raised in the state court proceedings:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. <u>See</u> 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, the petitioner must have "fairly presented [it] to the state courts." <u>McNair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has suggested that a litigant could do so by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" <u>Baldwin v. Reese</u>, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). The Court's guidance in <u>Baldwin</u> "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"—namely, giving the state courts "a meaningful opportunity" to address the federal claim. <u>McNair</u>, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary to support the claim," or by making a "somewhat similar state-law claim." <u>Kelley</u>, 377 F.3d at 1343–44. Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." <u>Id</u>. at 1344 (quotation omitted).

<u>Lucas v. Sec'y, Dep't of Corr.</u>, 682 F.3d 1342, 1351-52 (11th Cir. 2012), <u>cert</u>. <u>denied</u>, 133 S.Ct. 875 (2013).

The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules

designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>, <u>supra</u>, at 747-748, 111 S.Ct. 2546; <u>Sykes</u>, <u>supra</u>, at 84-85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker v. Martin</u>, 562 U.S. ----, ----, 131 S.Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S. ----, ----, 130 S.Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. <u>See</u> <u>Coleman</u>, 501 U.S., at 750, 111 S.Ct. 2546.

<u>Martinez v. Ryan</u>, 566 U.S. 1, 9-10 (2012).

In <u>Martinez</u>, the Supreme Court expanded the "cause" that may excuse a procedural default. <u>Id</u>. at 9. The Supreme Court explained:

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been

> sufficient to ensure that proper consideration
> was given to a substantial claim. From this it
> follows that, when a State requires a prisoner
> to raise an [ineffective assistance of trial
> counsel] claim in a collateral proceeding, a
> prisoner may establish cause for a default of
> an ineffective-assistance claim in two
> circumstances. The first is where the state
> courts did not appoint counsel in the
> initial-review collateral proceeding for a
> claim of ineffective assistance at trial. The
> second is where appointed counsel in the
> initial-review collateral proceeding, where
> the claim should have been raised, was
> ineffective under the standards of <u>Strickland
> v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052,
> 80 L.Ed.2d 674 (1984). To overcome the
> default, a prisoner must also demonstrate that
> the underlying [ineffective assistance of
> trial counsel] claim is a substantial one,
> which is to say that the prisoner must
> demonstrate that the claim has some merit. <u>Cf</u>.
> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 123 S.Ct.
> 1029, 154 L.Ed.2d 931 (2003) (describing
> standards for certificates of appealability to
> issue).

<u>Martinez v. Ryan</u>, 566 U.S. at 14.

Respondents assert that this Court is procedurally barred from reviewing this ground. Response at 39. This Court finds that sub-claim twelve is unexhausted because Petitioner failed to fairly raise his claim in the state court system, thus the trial court never considered the merits of this claim.

Procedural defaults may be excused under certain circumstances; "[a] petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from

applying the default." <u>Lucas</u>, 682 F.3d at 1353 (citing <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1306 (11th Cir. 1999) (per curiam)). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." <u>Johnson v. Ala.</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

Petitioner did not fairly and/or properly present this federal constitutional claim to the state courts. Any further attempts to seek post conviction relief in the state courts on this ground will be unavailing. As such, he has procedurally defaulted this claim of ineffective assistance of counsel.

Petitioner, in his Reply, suggests that this procedural default should be excused because he was not appointed counsel for his post conviction proceedings in state court, but he recognizes that in order to overcome his default, he must also demonstrate that the underlying ineffectiveness claim is substantial. Reply at 3-4. Indeed, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." <u>Martinez</u>, 566 U.S. at 14 (citation omitted). As discussed in the alternative merits analysis that follows, this ineffectiveness

claim lacks any merit.  Therefore, Petitioner has not shown that he can satisfy an exception to the bar.

The Court is not convinced that this ground has some merit. First of all, Petitioner states that his counsel spoke with Brenda Cochran, and she told him what she could testify to in relation to the child victim and her sisters.  Thus, Petitioner's counsel was aware of the testimony she could offer at trial.  Ultimately, counsel, with Petitioner's consent, decided to call two witnesses: Petitioner's two sons.  Petitioner's sons were in the home of their father, the Petitioner, and the boys' stepmother when the girls were there.  Based on the allegations, all of the sexual battery and molestation offenses occurred in the family dwelling.

At the colloquy during the trial, the trial court was assured by Petitioner that he was satisfied with the decision to call only his two sons as witnesses for the defense:

> THE COURT: **So you're satisfied that the only thing that ought to be presented on your behalf is the testimony from your two sons, is that correct**?
>
> THE DEFENDANT: **Yes, sir**.

Ex. F at 500.

Matthew Permenter, one of the sons, testified he was in the home when the girls were there, and Petitioner was not alone with any of the girls, and the girls did not enter their parents' bedroom individually.  Ex. F at 505, 508.  Matthew further attested

that he did not perceive anything unusual about how Petitioner interacted with the girls or how the girls interacted with him. Id. at 509-10. David Permenter, the other son, testified that the girls seemed to get along with Petitioner and did not act unusually around him. Id. at 517-18. David also testified that he did not see his father show "any kind of unusual affection" towards any of the girls. Id. at 518.

Petitioner's counsel's decision to present the testimony of the two sons was certainly within the wide range of reasonable professional assistance. The sons were in the home and they observed the girls interactions with Petitioner and observed the demeanor of the victim and her sisters after these interactions. Based on the record, Petitioner agreed with his attorney's decision to call only Petitioner's sons as defense witnesses.

Although Petitioner states that Ms. Cochran saw the victim naked and she did not observe any signs of sexual abuse, there would not necessarily be any outward signs of sexual abuse, particularly based on the nature of the abuse revealed in the trial testimony. Indeed, any outward signs of abuse would have been highly unlikely as any injury would have been internal or observed through examination, not casual observation, and, according to the expert's testimony, any injury would have healed very quickly.

Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar. Moreover, he has failed

to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Even assuming Petitioner's claim is not procedurally barred, he is not entitled to federal habeas relief.  He has failed to carry his burden of showing that his counsel's representation fell outside the range of reasonably professional assistance.  Moreover, even assuming deficient performance, Petitioner has not shown resulting prejudice.  Indeed, he has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had called Brenda Cochran as a witness at trial.  In sum, Petitioner's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.  Thus, Petitioner is not entitled to relief on sub-claim twelve.

## 13. Sub-claim Thirteen: ineffective assistance of counsel based on the cumulative errors of counsel.

In his final ground for habeas relief, Petitioner claims that the cumulative effect of all of counsel's errors resulted in the deficient performance of counsel, and if not for the deficient performance of counsel, the outcome of the trial would have been different.  Petition at 16.  Since none of Petitioner's grounds provide a basis for habeas relief, the cumulative effect of these grounds certainly does not provide any foundation for granting habeas relief.

This ground is unexhausted and procedurally defaulted. Petitioner has not shown cause and prejudice. Additionally, he has failed to show that failure to address this claim on the merits would result in a fundamental miscarriage of justice. The Court finds this is not an extraordinary case as Petitioner has not made a showing of actual innocence rather than mere legal innocence.

To the extent Petitioner is claiming lack of counsel in the post conviction proceeding should excuse his default, he must demonstrate that the underlying ineffectiveness claim is substantial. The Court is not convinced that this ground has some merit. Upon due consideration, the Court finds the cumulative deficiencies of counsel claim is without merit.

> As set forth above, [Petitioner] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial. See Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and others were meritless, petitioner "has presented nothing to cumulate").

Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir.), cert. denied, 531 U.S. 849 (2000). If Petitioner's ineffective assistance of counsel claims are insufficient individually, raising them cumulatively does not render them sufficient. Robertson v. Chase, No. 1:07-CV-0797-RWS, 2011 WL 7629549, at *23 (N.D. Ga. Aug. 12, 2011) (citations omitted), report and recommendation adopted by No. 1:07-CV-797-RWS, 2012 WL 1038568 (N.D. Ga. Mar. 26, 2012), affirmed

by 506 F. App'x 951 (11th Cir. 2013), cert. denied, 134 S.Ct. 93 (2013).

Petitioner is not entitled to relief on the basis of this claim of ineffective assistance of counsel alleging the cumulative errors of counsel. Furthermore, since there were no errors of constitutional dimension, the cumulative effect of any errors would not subject Petitioner to a constitutional violation. See Miller, 200 F.3d at 286 n.6.

Sub-claim thirteen is unexhausted and procedurally defaulted. The underlying ineffective assistance of counsel claim is not a substantial one as Petitioner has not demonstrated that the claim has some merit. The fundamental miscarriage of justice exception is inapplicable to this situation. Thus, Petitioner is barred from pursuing this ground. Petitioner is not entitled to relief on sub-claim thirteen.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[5]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of October, 2017.

_____
BRIAN J. DAVIS
United States District Judge

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

sa 10/3
c:
James Permenter
Counsel of Record